IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA *

vs. * CASE NO. 4:11-CR-39 (CDL)

WILLIE D. GRAY *

O R D E R

Defendant Willie D. Gray ("Gray") pleaded guilty to reckless driving, in violation of 18 U.S.C. §§ 7 and 13 and O.C.G.A. § 40-6-390, and open container, in violation of 18 U.S.C. §§ 7 and 13 and O.C.G.A. § 40-6-253(b)(1)(B). Judgment 1, Apr. 18, 2011, ECF No. 25. The United States Magistrate Judge ("Magistrate") sentenced Gray to six months of imprisonment. *Id.* at 2. Gray appealed the sentence pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), contending that the sentence is substantively unreasonable.[1] For the reasons set forth below, the Court affirms the sentence imposed by the Magistrate.

PROCEDURAL BACKGROUND

On January 19, 2010, Gray was driving his vehicle on Fort Benning, and Military Police stopped him for speeding. In

[1] The Court notes that Gray's detention status is unclear; in his brief in support of Gray's appeal, Gray's counsel noted that Gray may have been released from federal custody and stated that "further verification of Mr. Gray's detention status remains pending." Def.'s Br. 1, ECF No. 35. The Court assumes for purposes of the present appeal that Gray is still in custody.

connection with that traffic stop, Gray was charged with driving under the influence of alcohol, speeding and possession of an open container of alcohol in the passenger area of a motor vehicle.[2] Gray pleaded guilty to reckless driving, speeding and open container. Judgment 1.

After Gray entered the guilty plea, the Magistrate held a sentencing hearing on August 18, 2011. At the sentencing hearing, the Magistrate heard from Gray's counsel, who explained the background behind Gray's conduct that led to Gray's "poor decision" and his arrest. Specifically, Gray's counsel explained that Gray, who had a history of substance abuse, was in a troubled marriage and that his wife unexpectedly called Gray at 4:00 on January 19, 2010 and asked him to pick up his two stepdaughters from Veterans Middle School, which was approximately twenty miles from the family's home. Sentencing Hr'g Tr. 6:2-22, ECF No. 34. Gray knew that if he refused to pick up the girls from school, he and his wife would have a fight, and Gray did not want to start a fight. Therefore, even though he had been drinking, Gray decided that he should go ahead and pick up the girls from school. *Id.* at 6:14-7:4, 7:13-8:12. He also decided that he could not leave his two sons at home alone, so he brought them with him. *Id.* at 6:25-7:4. Just

[2] Gray was also charged with possession of cocaine, operation of a motor vehicle with an illegally transferred registration decal and failure to wear a seat belt. Those charges were dismissed. Judgment 1.

a few miles down the road, the Military Police stopped Gray. *Id.* at 8:13-15. After the incident, Gray's wife filed for divorce, and he lost custody of his children. *Id.* at 5:1-4. Gray's counsel argued that under the circumstances, the appropriate punishment would be a fine and not jail time. *Id.* at 10:25-11:3.

After the Magistrate heard from Gray and his counsel, the Magistrate observed that Gray's alcohol level was two and a half times the legal limit and that Gray was planning to drive on a busy expressway at 4:00 in the afternoon. *Id.* at 13:7-13. The Magistrate further observed that Gray could have called a taxi instead of driving himself. *Id.* at 13:14-17. Finally, the Magistrate observed that Gray could have had a car accident and injured or killed one of the children. *Id.* at 13:18-21.

The Magistrate determined that the advisory sentencing range under the Federal Sentencing Guidelines ("Guidelines") was six to twelve months, based on an offense level of six and a criminal history category of four. *Id.* at 19:2-4. The Magistrate stated: "in this case the Court has considered the sentencing factors found at 18 U.S.C. § 3553(a)." *Id.* at 19:4-6. The Magistrate sentenced Gray to six months in prison for the reckless driving count, which was merged with the speeding count, and five days on the open container count, to be served concurrently. *Id.* at 19:7-9; *accord* Judgment 2. The Magistrate

stated that the total imprisonment sentence was six months and that the sentence was at the bottom of the Guidelines range. *Id.* at 19:10-11.

DISCUSSION

In this appeal, Gray "is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.* Therefore, the Court must review the Magistrate's decision for abuse of discretion using a two-step process. *United States v. Saac*, 632 F.3d 1203, 1212 (11th Cir. 2011). First, the Court must determine whether the Magistrate committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* (internal quotation marks omitted). Second, the Court must "review the sentence's substantive reasonableness under the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* (internal quotation marks omitted). Gray "bears the burden of establishing that the sentence is unreasonable." *Id.* (internal quotation marks omitted).

On appeal, Gray's focus is on whether the Magistrate correctly weighed the § 3553(a) factors. Under § 3553(a), the sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3353(a)(1). The Court must also consider, among other things, "the need for the sentence imposed" to ensure that it reflects "the seriousness of the offense," promotes "respect for the law," provides "just punishment for the offense," affords "adequate deterrence to criminal conduct," protects "the public from further crimes of the defendant," and provides "the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court must also consider "the kinds of sentences available," "the kinds of sentence and the sentencing range established for . . . the applicable category of offense," "any pertinent policy statement . . . issued by the Sentencing Commission," "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(3)-(7).

Gray's chief argument on appeal is that the sentence is unreasonable because the Magistrate failed to give sufficient

weight to mitigating evidence and because the Magistrate did not find that a lesser sentence would suffice. Gray does not argue that the Magistrate improperly calculated his Guidelines range, failed to consider the § 3553(a) factors or made any other significant procedural error. Accordingly, the Court cannot find that Gray has established that his sentence is procedurally unreasonable. The next question is whether his sentence is substantively unreasonable.

In reviewing a sentence for substantive reasonableness, the Court must "examine the totality of the circumstances and determine whether the sentence achieves the sentencing goals stated in 18 U.S.C. § 3553(a)." *Saac*, 632 F.3d at 1214. If the sentence is within the Guidelines range, the [C]ourt may, but is not required to, apply a presumption of reasonableness." *Gall v. United States*, 552 U.S. 38, 51 (2007).

In this case, the advisory sentencing range was six to twelve months in prison, based on Gray's offense level and criminal history category. Gray did not object to the computation of either his offense level or his criminal history category. The sentence here is at the low end of the Guidelines range, and the Court concludes that it is presumptively reasonable. Nonetheless, Gray argues that his six month sentence for reckless driving, speeding and open container is excessive in light of the circumstances and is therefore

substantively unreasonable. Gray contends that the Magistrate should have imposed a monetary fine instead of prison time.

It is within the Magistrate's discretion to weigh the § 3553(a) factors, and the Court must not substitute its judgment in weighing the relevant factors. *Saac*, 632 F.3d at 1214-15. The Magistrate considered the nature of Gray's crime, including the fact that he was driving under the influence of alcohol with two children in his car and was on his way to pick up two other children from school nearly twenty miles away. The Magistrate also considered mitigating circumstances, including Gray's marital problems and his history of substance abuse, and the Magistrate was aware that Gray was worried that he might lose his children if he did not pick up his stepdaughters from school as his wife requested. The Magistrate found that the mitigating evidence was outweighed by other considerations, especially the dangerous situation Gray created for his children by driving with them in the car under the circumstances.

Under the totality of the circumstances, the Court cannot say that it is "left with the definite and firm conviction that the [Magistrate] committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Saac*, 632 F.3d at 1215. Therefore, the Court cannot find that the Magistrate committed an abuse of discretion

in reaching these conclusions, and the Court affirms Gray's sentence.

CONCLUSION

For all of the foregoing reasons, Gray's sentence and the corresponding judgment are AFFIRMED.

IT IS SO ORDERED, this 27th day of December, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE